

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 26, 1974

The Honorable William T. Moore     Opinion No. H- 286
Chairman, State Affairs Committee
Texas State Senate                 Re:  May press accompany candidates
Capitol Building                        on campaign travels with trans-
Austin, Texas                           portation provided by the candi-
                                        date?

Dear Senator Moore:

On behalf of the Senate Committee on State Affairs, you have requested our opinion as to whether members of the press may accompany a candidate on his campaign travels using modes of transportation provided by the candidate or a political committee.

The Campaign Reporting and Disclosure Act of 1973 (Acts 1973, 63rd Leg., ch. 423, p. 1103) amended Article 14.03 of the Election Code, V.T.C.S., so that it now reads:

> "No candidate,, political committee, campaign manager or assistant campaign manager shall himself or by any other person, directly or indirectly, make or authorize any other person to make any campaign expenditure except for the following purposes only, to wit:
>
> "(a) For the traveling expenses of the candidate, campaign manager, or assistant campaign managers, or of a secretary for such candidate.
>
> "(b) The payment of fees or charges for placing the name of the candidate upon the ballot, and for holding and making returns of the election.

"(c) The hire of clerks and stenographers and the cost of clerical and stenographic work.

"(d) Telegraph and telephone tolls, postage, freight and express charges.

"(e) Printing and stationery.

"(f) Procuring and formulating lists of voters, making canvasses of voters, and employing watchers.

"(g) Office rent.

"(h) Newspaper and other advertising and publicity.

"(i) Advertising and holding political meetings, demonstrations, and conventions, and payment of speakers and musicians therefor.

"(j) Employing as counsel attorneys licensed in this State and expenses of election contests and recounts.

"(k) For the traveling expenses and salaries of all necessary campaign staff in the lawful execution of their duties.

"Any campaign expenditure by any candidate or political committee, campaign manager or assistant campaign manager, except for the above purposes is expressly prohibited and declared to be unlawful."

Most of the expenditures authorized by Article 14.03 have been authorized since enactment of the first statute regulating the expenditure of campaign funds (Acts 1919, 36th Leg., ch. 88, p. 139, formerly, Article 3170, Vernon's Texas Civil Statutes). In 1919, the Act authorized expenditures:

"1. For the traveling expenses of the candidate, or of his campaign manager or assistant campaign manager as defined by this Act or of a secretary for such candidate.

"2. The payment of fees or charges for placing the name of the candidate upon the primary ballot, and for holding and making returns of the election.

"3. The hire of clerks and stenographers and the cost of clerical and stenographic work and of addressing, preparing and mailing campaign literature.

"4. Telegraph and telephone tolls, postage, freight and express charges.

"5. Printing and stationery.

"6. Procuring and formulating lists of voters.

"7. Headquarters of [sic] office rent.

"8. Newspaper and other advertising and publicity.

"9. Renting of halls or providing places for public meetings and all expenses of advertising and other expenses usually incident to holding such meetings.

The Election Code, as adopted in 1951 (Acts 1951, 52nd Leg., ch. 492, p. 1097), repeated basically the same nine types of expenditures with some relatively unimportant changes and added a subparagraph (j) authorizing the employment of attorneys as counsel and the paying of the expenses of election contests (p. 1189).

There was no other amendment until the Act of 1973 which we have quoted earlier adding the traveling expenses and salaries of all necessary campaign staff.

Of all of the provisions, the one, if any, which would authorize a candidate to expend his funds to furnish transportation to members of the press would be subparagraph (h) "Newspaper and other advertising and publicity." This particular provision has never been the subject of reported litigation and we find no prior opinions of this office construing it.

The question which we must answer is whether an expenditure for publicity would include an expenditure to furnish transportation for members of the press to accompany the candidate.

One of the definitions of "publicity" is: "the dissemination of information or promotional material especially by the press and other mass media." (Webster's Third International Dictionary)

Were a court to construe this language it would be charged by the Code Construction Act (Article 5429b-2 of Vernon's Texas Civil Statutes) to give to the word "publicity" its common usage. If paying for the transportation of newsmen is a means of securing publicity, and we think it is, then we cannot say that it is an unreasonable one.

We are of the opinion, therefore, that for members of the press to accompany the candidate on his campaign travels by plane, automobile, train or other mode of transportation provided by the candidate or political subcommittee may be a legitimate expenditure of campaign funds for publicity. This answer makes it unnecessary for us to answer your second question which was predicated upon a negative answer to the first.

### SUMMARY

It is a legitimate expenditure of campaign funds for "publicity" to furnish transportation to members of the press to accompany a candidate on his campaign travels.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee